PROB 34
1/92

Report and Order Terminating Probation/
Supervised Release

# United States District Court

for the

District of Alaska

RECEIVED
JAN 2 2 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

UNITED STATES OF AMERICA

v.                                   Case No.    4:04-cr-008-005 (RRB)

Emmanuel Patrick Iyakitan

It appearing that the above-named has complied <u>in part</u> with the conditions of probation imposed by the Order of the Court heretofore made and entered in this case and that the period of probation expired on January 13, 2008. The defendant did pay the $1,000 fine and $25 special assessment in full.

One of the special conditions of supervision included a requirement that the defendant complete 200 hours of community work service <u>under the U.S. Fish and Wildlife Service supervision</u> during and as a condition of probation and on a schedule to be determined by the U.S. Probation Officer. This condition was imposed at the request of the U.S. Fish and Wildlife Agency, and was going to be orchestrated and monitored by the U.S. Fish and Wildlife Service. It was explained to this officer that the U.S. Fish and Wildlife Service would assist with this community service while sending a representative to Gambell to assist in this area.

An additional special condition of supervision included a requirement that each defendant make pre-approved public presentations <u>under U.S. Fish and Wildlife Law Enforcement supervision</u> at up to 25 hunter meetings in communities of western and northern Alaska during the term of probation, in addition to the 200 hours of community service also imposed by the Court. This condition was imposed at the request of the U.S. Fish and Wildlife Agency, and was going to be orchestrated and monitored by the U.S. Fish and Wildlife Service. It was initially explained to this

officer that the U.S. Fish and Wildlife Service would assist with coordinating the presence of the defendants at these meetings. The U.S. Fish and Wildlife Service has rendered no assistance in the monitoring of the condition requiring community service under the U.S. Fish and Wildlife Service. Emmanuel Iyakitan has limited education, is unemployed, has a language barrier (speaks Siberian Yupik), and has completed only 12 hours of community service. Emmanuel Iyakitan has not participated in any hunter meetings. It has been communicated to this officer that the U.S. Fish and Wildlife Service did not coordinate any meetings for which the defendant could participate, and that the U.S. Fish and Wildlife Service would not assist with coordinating the participation of the additional necessary meetings to satisfy this condition. On January 11, 2007, this officer notified the Court that the defendant (and three codefendants) had one more year of supervision, and that in all probability, the defendant would not satisfy the special conditions requiring the hunter meetings and community service. Further, it was the assessment of the U.S. Probation Officer that the defendant should not be penalized for non-satisfaction of the conditions, based on the U.S. Fish and Wildlife Service's inability to assist with the monitoring of these conditions as originally intended. The Court responded to this memorandum by ordering the Probation Officer to "continue to monitor the conditions, and attempt to have the defendants complete as many community service hours/hunting meetings as possible in the community (not with U.S. Fish and Wildlife)," and to "consider extending period of supervision."

On October 25, 2007, the U.S. Probation Officer submitted a Report of Offender on Probation to the Court notifying the Court that Iyakitan had violated the condition of his probation requiring him to complete 200 hours of community service. The U.S. Probation Officer recommended that the defendant's probation be authorized to expire on January 13, 2008, for the reasons stated above. The Court signed off on the probation officer's proposal for the term of supervision to expire on January 13, 2008.

It is therefore recommended that the defendant be discharged from probation and that the proceedings in the case be terminated.

Respectfully submitted,

REDACTED SIGNATURE      1/14/2008
_____      _____
Marci D. Lundgren        Date
Senior U.S. Probation/Pretrial
Services Officer

REDACTED SIGNATURE
_____
Eric D. Odegard
Supervising U.S. Probation Officer

ORDER OF THE COURT

Pursuant to the above report, it is ordered that the defendant be discharged from probation and that the proceedings in the case be terminated.

Dated this ___22___ day of __January__, 20_08_.

REDACTED SIGNATURE
_____
The Honorable Ralph R. Beistline
U.S. District Court Judge